Argued and submitted June 13, affirmed on petition; reversed and remanded to LUBA for reconsideration on cross-petition July 6, petition for review denied December 13, 1994 (320 Or 453)

# WILSON PARK NEIGHBORHOOD ASSOCIATION, INC.,
Wesley Risher,
Multnomah Neighborhood Association
and Chris Rycewicz,
*Petitioners - Cross-Respondents,*

*v.*

# CITY OF PORTLAND,
*Respondent,*

*and*

# HOUSING AUTHORITY OF PORTLAND,
*Respondent - Cross-Petitioner.*

(LUBA 93-173; CA A83934)

877 P2d 1205

Robert S. Simon argued the cause and filed the briefs for petitioners - cross-respondents.

Peter A. Kasting, Senior Deputy City Attorney, filed the brief for respondent.

David J. Sweeney argued the cause for respondent - cross-petitioner. With him on the brief were Richard J. Brownstein, Jonathan R. Gilbert and Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioners seek review of and respondent Housing Authority of Portland (HAP) cross-petitions from LUBA's remand of the City of Portland's approval of HAP's application for a conditional use permit to develop a homeless family housing and service facility. We affirm on the petition and reverse on the cross-petition.

Petitioners' only assignment and HAP's first assignment turn on section 33.815.105(A) of the city code, which establishes as an approval standard for the use:

"The overall residential appearance and function of the area will not be significantly lessened due to the increased proportion of uses not in the Household Living category in the residential area. Consideration includes the proposal by itself and in combination with other uses in the area not in the Household Living category and is specifically based on:

"1.   The number, size, and location of other uses not in the Household Living category in the residential area; and

"2.   The intensity and scale of the proposed use and of existing Household Living uses and other uses."

■      Petitioners contend that LUBA erred in concluding that there was substantial evidence in the whole record to support the city's findings concerning the nature of the uses in the area and other facts that must be considered under that standard. HAP's evidence consisted primarily of data derived from a computerized mapping system maintained by the Metropolitan Service District. Petitioners first argue that HAP's evidence was shown to be unreliable and was overcome by petitioners' countervailing evidence. The question for us is whether LUBA correctly understood and applied the substantial evidence test defined in *Younger v. City of Portland*, 305 Or 346, 752 P2d 262 (1988). *See Cusma v. City of Oregon City*, 92 Or App 1, 757 P2d 433 (1988). We hold that it did.

■      Petitioners also argue that, because the applicant is a governmental body and had peculiar access to the data on which it relied, and because that information is largely inaccessible to petitioners and members of the public,[1] the method of substantial evidence review should differ from the

---

[1] We accept petitioners' premises for the sake of discussion only.

one articulated in *Younger v. City of Portland, supra,* to take into account in some manner "the relative ability of the parties to produce or rebut" evidence. Nothing in *Younger* or in logic allows us to accept that argument. It is true that the initial factfinder *may,* under some circumstances, consider factors of the kind petitioners describe in deciding what weight to give evidence. However, such factors have nothing to do with the method by which LUBA reviews for substantial evidence. As the Supreme Court made clear in *Younger,* LUBA is not permitted to reweigh the evidence. 305 Or at 360. We reject petitioners' assignment, and affirm on the petition.

■    HAP's cross-petition challenges both of the bases for LUBA's remand. In its first assignment, HAP asserts that LUBA erred in concluding that the city's interpretation and application of the "significantly lessened" standard in section 33.815.105(A) were reversible. The city reasoned that the percentage of nonhousehold living uses in the area, including the proposed use, would be 38 percent, as contrasted with the citywide average of 59 percent. From that, the city concluded that the approval of the proposed use in the area "will not significantly lessen the overall [residential] appearance or function of the [a]rea."

LUBA concluded that the city's interpretation was contrary to the express language of the ordinance, because it focused on a comparison of the characteristics of the area with citywide norms, rather than concentrating on relevant characteristics and projected impacts within the affected area itself. LUBA did not question that the city fully considered the use characteristics within the area that the ordinance required it to consider. The basis for LUBA's holding was that the city went beyond that and the final step in its analysis took the form of a comparison of the characteristics in the area with those in the city as a whole. We are unable to say that the language of section 33.815.105(A) precludes that approach to making the highly subjective determination for which the provision calls. We do not agree that the city's interpretation was "clearly wrong" and, therefore, reversible. *Goose Hollow Foothills League v. City of Portland,* 117 Or App 211, 217, 843 P2d 992 (1992).

■    In its remaining assignment, HAP challenges the other ground for the remand. LUBA concluded that the city failed to make an adequate finding addressing petitioners' contention that the development would adversely affect "soil stability through increased soil saturation." HAP argues that the city's findings accept and adequately incorporate expert evidence, bearing on the soil stability and saturation questions, that was presented at the city hearing. *See Gonzalez v. Linn County*, 24 Or LUBA 251, 259 (1992). We agree and we hold that the findings were sufficient.

Affirmed on petition; on cross-petition, reversed and remanded to LUBA for reconsideration.